205 N.J. Super. 184 (1985)
500 A.2d 411
NAGY NAKHLA, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF MARIANNA NAKHLA, AN INFANT, AND NANEZ NAKHLA, PLAINTIFFS-APPELLANTS,
v.
SINGER-SHOPRITE, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 1985.
Decided November 8, 1985.
Before Judges J.H. COLEMAN and LONG.
Baer and Arbeiter, attorneys for appellants (Benjamin D. Leibowitz of counsel and on the letter brief).
*185 Lustbader and Lustbader, attorneys for respondent (Stephen L. Hopkins of counsel).
The opinion of the court was delivered by COLEMAN, J.H., J.A.D.
The novel issue raised by this appeal is the liability of a commercial shopkeeper for a dog bite to one of its business invitees where the dog is owned by another invitee. The trial judge dismissed the complaint at the end of plaintiffs' case. He held that plaintiffs failed to prove the common law requirements that the dog was vicious and that defendant had knowledge of the dog's vicious propensities. We hold that the common law rules governing the liability of the owner of a dog are not applicable when determining the liability of a commercial entity to one of its invitees. Plaintiffs are not required to prove that the dog possessed dangerous or mischievous propensities. We therefore reverse the judgment of involuntary dismissal.
The facts giving rise to this litigation are simple and undisputed. On June 8, 1982 Nagy Nakhla and her four and one-half year old daughter, Marianna Nakhla, were approaching the entrance to defendant Shoprite store in order to do shopping. Just prior to entering the store, Marianna was bitten by a dog tied to a pole near the store entrance. The child was bitten about the face and eye causing injuries which apparently have resulted in some scarring. The present action was instituted to recover damages based on the alleged negligence of defendant.
The dog involved in this incident was owned by Floreal San Miguel, who is not involved in this appeal. Mr. San Miguel testified that the dog was a mongrel of Labrador and Gold Retriever descent. Prior to entering the store to shop, he tied his dog to a pipe near the entrance. He testified that he had done this "every day for a period of two, three months, several months." He had never been advised by any of the store's employees not to tie his dog near the entrance nor had he ever *186 seen any signs posted to that effect. Finally, he stated that whenever he went to the store, other dogs were tied up outside at the same location.
On this appeal, plaintiffs argue that a proprietor of a business premises owes a duty to provide a reasonably safe place to those entering the premises to conduct business. Both sides agree, and correctly so, that the dog bite statute, N.J.S.A. 4:19-16, is not applicable to this case because Shoprite did not own the dog. In Butler v. Acme Markets, Inc., 89 N.J. 270, 275-276 (1982) our Supreme Court outlined the duty owed by a proprietor of a business to its business invitee.
The proprietor of premises to which the public is invited for business purposes of the proprietor owes a duty of reasonable care to those who enter the premises upon that invitation to provide a reasonably safe place to do that which is within the scope of the invitation. Brody v. Albert Lifson & Sons, 17 N.J. 383, 389 (1955); Genovay v. Fox, 50 N.J. Super. 538, 549 (App.Div. 1958), rev'd on other grounds, 29 N.J. 436 (1959). The measure of that care has been described as "due care under all the circumstances." Bozza v. Vornado, Inc., 42 N.J. 355, 359 (1964); 2 Harper & James, Law of Torts (1956) § 27.12 at 1487. "Negligence is tested by whether the reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others." Rappaport v. Nichols, 31 N.J. 188, 201 (1959). If the reasonably prudent person would foresee danger resulting from another's voluntary criminal acts, the fact that another's actions are beyond defendant's control does not preclude liability. Trentacost v. Brussel, 82 N.J. 214, 222 (1980); Hill v. Yaskin, 75 N.J. 139, 143-145 (1977); Zinck v. Whelan, 120 N.J. Super. 432, 445; Picco v. Fords Diner, Inc., 113 N.J. Super. 465 (1971); Genovay v. Fox, supra, 50 N.J. Super. at 550-551. Foreseeability of the risk that criminal acts of others would cause harm is the crucial factor. McGlynn v. Newark Parking Authority, 86 N.J. 551 (1981).
The application of the foregoing general principles leads to the inescapable conclusion that a jury question was presented in the present case. The jury should have been permitted to decide whether the presence of the dog tied to a pole near the store entrance posed a foreseeable and an unreasonable risk or likelihood of harm or danger to those persons invited to the supermarket. It is unquestioned that plaintiffs were within the scope of defendant's invitation at the time of the incident. If it was reasonably foreseeable that shoppers would be bitten by a dog tied up at the store entrance, the fact that defendant did *187 not create the hazardous condition does not preclude liability where defendant has actual or constructive notice of the dangerous condition for a reasonable period and fails to act in a reasonable manner to reduce the hazard. See Trentacost v. Brussel, 82 N.J. 214, 222 (1980); Bozza v. Vornado, Inc., 42 N.J. 355, 359 (1964).
A reasonably prudent person should recognize and foresee that a dog may bite a child entering or leaving the supermarket. It is a well known fact that young children come to supermarkets both alone and accompanied by adults. A child of tender years may not comprehend the danger posed by a dog, especially one the size of the dog involved here. An invitee need not prove that the dog has bitten someone previously or that the dog is otherwise vicious. See Healey v. Ballantine & Sons, 66 N.J.L. 339, 346 (Sup.Ct. 1901). All dogs, even seemingly harmless dogs, have the potential for biting. See Jannuzzelli v. Wilkens, 158 N.J. Super. 36, 41-42 (App. Div. 1978); Tanga v. Tanga, 94 N.J. Super. 5, 14 (App.Div. 1967). Dogs may be "man's best friend," but they can also become a stranger's nightmare. The propensities of dogs to cause harm to children was recognized in DeRobertis v. Randazzo, 94 N.J. 144, 167 (1983), (O'Hern, J. dissenting):
I have nothing against dogs, but dogs bite and children roam. The Legislature has recognized both of these facts of life. As between dog and child, I believe that the Legislature would prefer the child.
Consequently, where a shopkeeper can reasonably foresee a dangerous condition to children, such as children approaching a dog on the premises, the shopkeeper should exercise a degree of care commensurate with the risk that the dog poses to children. See DeRobertis v. Randazzo, supra, 94 N.J. 157-158. We hold therefore that consistent with defendant's obligation to "maintain its premises, including means of ingress and egress, in reasonably safe condition" for its patrons, Krug v. Wanner, 28 N.J. 174, 179 (1958), defendant was obligated to take reasonable measures to protect its invitees from harm which a dog is capable of inflicting.
*188 Finally, the common law that has evolved which determines the liability of the owner of a dog for its bite is not implicated in this case. See Emmons v. Stevane, 77 N.J.L. 570, 572 (E. & A. 1909). The issues raised in this case do not pertain to the dog's owner. Any discussion of the common law and absolute liability for the dog's owner under N.J.S.A. 4:19-16 would not be helpful. Also, the issues presented in this appeal were not discussed in DeRobertis, supra. Even though the defendant in DeRobertis was the owner of the dog that had bitten a child in defendant's business establishment, there, plaintiffs' liability claim sounded in strict liability based upon the dog bite statute (N.J.S.A. 4:19-16). The duty owed is based upon the relationship of the parties at the time of the incident which gives rise to the claim for damages. Snyder v. I. Jay Realty Co., 30 N.J. 303, 311-314 (1959). The duty owed here is one of reasonable care. Where the dog is not known to the shopkeeper to be vicious, then principles of ordinary negligence, rather than absolute liability, define the shopkeeper's liability. Plaintiffs' claims in the present case sounded in negligence and not in absolute liability.
The judgment of involuntary dismissal is reversed. The case is remanded to the Law Division for a new trial. We do not retain jurisdiction.
Reversed.