FRANK LUCAS, a Minor by his Mother and Next Friend, Carolyn Wasserman, Plaintiff-Appellee, v. JOAN KRISKA, Defendant-Appellant.

First District (4th Division)    No. 86—2194

Opinion filed March 24, 1988.

Victor J. Piekarski and Michael Resis, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant.

John J. Henely and Stephen J. McMullen, both of John J. Henely, Ltd., of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Frank Lucas (Lucas) sought recovery for injuries he received when he was bitten by a dog while on property owned by defendant Joan Kriska (Kriska). Lucas' complaint alleged that Kriska's liability was based on common law negligence and statutory negligence under the Animal Control Act (Act) (Ill. Rev. Stat. 1985, ch. 8, par. 351 et seq.). The jury found by special interrogatory that Kriska did not own, harbor, or keep the dog within the meaning of the Act, but nevertheless returned a general verdict in favor of Lucas. The trial court entered judgment on the verdict and Kriska appeals.

The jury's response to the special interrogatory negates Kriska's liability under the Animal Control Act. Therefore, the sole issue on appeal is whether there is sufficient evidence of common law negligence to support the jury's verdict against Kriska. We reverse.

BACKGROUND

In March 1978, Kriska owned and operated Red Wing Farms, a stable for boarding horses, located in Des Plaines, Illinois. Kriska fenced in approximately 1½ acres of the farm for the boarding opera-

tion. Lucas' mother, Carolyn Wasserman, boarded a horse at Red Wing Farms. Kriska knew that Wasserman often brought Lucas, her eight-year-old son, to visit the horse. Edna Olson (Olson), Kriska's sister, also boarded a horse at Red Wing Farms and frequently brought her dog, a black Labrador, with her when she visited the stable. Olson never leashed or restrained the dog, and it roamed the grounds during her visits.

On March 4, 1978, Wasserman brought Lucas to Red Wing Farms to visit and feed the horses. When they arrived, Lucas got out of the car, went to the rear of the automobile, and waited for his mother to get something out of the trunk. Olson's dog approached Lucas slowly, jumped on him, bit his face, and knocked him down. Lucas was hospitalized and will have permanent facial scarring from the injury.

The jury returned a verdict in Lucas' favor but found by special interrogatory that Kriska was not the owner, keeper, or harborer of the dog. The trial court entered judgment on the verdict and Kriska appeals.

OPINION

Kriska argues that the judgment entered against her must be reversed because the evidence does not support a verdict based upon common law negligence. Lucas concedes that the special finding of the jury was inconsistent with a verdict based on the Animal Control Act and precludes any statutory liability under the Act on Kriska's part.

■■■ As a general rule, the customary principles of common law negligence apply to determine the liability of the owner of a premises upon which a child is injured. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286, 464 N.E.2d 1023; *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 507 N.E.2d 19; *Sampson v. Zimmerman* (1986), 151 Ill. App. 3d 396, 400, 502 N.E.2d 846.) However, a duty, not imposed under ordinary negligence principles, will attach if the owner knows or should know that children frequent the premises and a dangerous condition exists which may cause injury. The owner is liable for the failure to remedy such a condition if it is likely to cause injury to children generally, who, by reason of their age and immaturity, would not be expected to comprehend and avoid the attendant risks. (See *Cope*, 102 Ill. 2d at 286.) The "foreseeability of harm to children [is] the cornerstone of liability [citation]." (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177, 180.) The burden rests with the plaintiff to show that the condition "exposes children to risks greater than those which normally attend their

daily lives." 73 Ill. 2d at 328, 383 N.E.2d at 181.

Based upon these principles of premises liability with respect to children when the owner knows or should know of a condition on the property that would be dangerous to children, Lucas contends that he was not required to present evidence that Kriska knew of the dog's propensity to viciousness. We disagree.

▮▮▮ Under Illinois law, it is presumed that a dog is tame, docile and harmless, in the absence of evidence that the dog has demonstrated vicious propensities. (See *Domm v. Hollenbeck* (1913), 259 Ill. 382, 385, 102 N.E. 782.) In order to establish the liability of an owner or keeper of a dog under common law, it is necessary to show that the owner or keeper knew or should have known that the dog was vicious. (See *Harris v. Walker* (1988), 119 Ill. 2d 542, 547; *Steinberg v. Petta* (1986), 114 Ill. 2d 496, 500, 501 N.E.2d 1263; *Beckert v. Risberg* (1965), 33 Ill. 2d 44, 46, 210 N.E.2d 207.) Similarly, to impose liability on someone other than the dog's owner or keeper under principles of common law negligence, courts of other jurisdictions have held that the plaintiff must show a defendant property owner had prior knowledge of the dog's viciousness. (*Lundy v. California Realty* (1985), 170 Cal. App. 3d 813, 216 Cal. Rptr. 575; see also *Strunk v. Zoltanski* (1984), 62 N.Y.2d 572, 468 N.E.2d 13, 479 N.Y.S.2d 175; *Andrews v. Jordan Marsh Co.* (1933), 283 Mass. 158, 186 N.E. 71.) We agree with this precedent that prior knowledge of the propensity of the animal to cause injury must be shown.

Lucas asserts that this court should adopt the view enunciated in *Nakhla v. Singer-Shoprite, Inc.* (1985), 205 N.J. Super. 184, 500 A.2d 411, *cert. denied* (1986), 102 N.J. 399, 508 A.2d 257. In *Nakhla,* the court determined that in order to recover for injuries sustained from a dog bite, a child need not prove that the dog has bitten someone before or that the dog is otherwise vicious. However, New Jersey law does not require that an invitee prove that the dog has bitten someone or is otherwise vicious and also recognizes the "propensities of dogs to cause harm to children." (205 N.J. Super. at 187, 500 A.2d at 413.) By contrast, Illinois law presumes the tameness and docility of dogs and only imposes liability where there is notice of the dog's vicious propensities. Because the court's decision in *Nakhla* is based on principles contrary to Illinois law, we decline to follow it.

▮ Under Illinois law, a dog is ordinarily not a danger or hazard to children. No evidence was presented to show that Kriska knew that Olson's dog posed a special danger to children or to people generally. Completely absent from the record is any evidence that Kriska was on notice that the dog's presence exposed Lucas to a risk greater

than he experienced normally in his daily life. In fact, prior to trial, Lucas presented a written motion *in limine*, which the trial court allowed, to bar "any testimony[,] comment or reference to the presence or absence of prior bites of the dog ***, as the absence of prior bites is immaterial *** and there is no claim by Plaintiff that Defendant had Notice, and no issue as to prior Notice of vicious propensities." In light of the evidence in the record in this case, we find that the trial court erred in denying Kriska's motion for a judgment notwithstanding the verdict.

For the reasons stated above, the judgment of the circuit court of Cook County is reversed.

Reversed.

JOHNSON and LINN, JJ., concur.