DENISE FAY PAPESH, Plaintiff-Appellant, v. BARBARA MATESEVAC, Indiv. and as Parent and Guardian of the Person and Property of Jason Matesevac, a Minor, Defendant-Appellee (Raymond Matesevac, Indiv. and as Parent and Guardian of the Person and Property of Jason Matesevac, a Minor, Defendant).

Third District    No. 3—91—0319

Opinion filed December 30, 1991.

Timothy J. Rathbun, of McKeown Law Office, of Joliet, for appellant.

Richard J. Loeffler, of Van Duzer, Gershon, Jordan, Petersen & Loeffler, of Chicago, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

Denise Fay Papesh brought suit for injuries sustained as the result of a dog bite. At issue is the ownership of the dog. The trial court granted summary judgment in favor of Barbara Matesevac and plaintiff appeals. We affirm.

The defendants, Raymond and Barbara Matesevac, were divorced in 1982. Their two children resided with Mrs. Matesevac until June of 1987, at which point they went to live with their father. In February of 1988, the divorce decree was modified so as to reflect a joint custody arrangement, with Mr. Matesevac having residential custody of the children.

In July of 1985, Mrs. Matesevac bought a dog, Rupert, for her son Jason. At that time Jason resided with Mrs. Matesevac. Rupert stayed in a pen in Mrs. Matesevac's yard.

After Jason moved out in 1987, Rupert stayed with Mrs. Matesevac. In February of 1988, as the result of a fire which destroyed Mrs. Matesevac's house, Rupert, his house and his pen were moved to Mr. Matesevac's house. From that point on, Mrs. Matesevac did not physically care for the dog or pay for the dog's care.

The plaintiff lives next door to Mr. Matesevac. In July of 1988, Jason asked Mrs. Papesh to care for the dog while he and his father went away for the weekend. It was during that time that Rupert attacked Mrs. Papesh, causing injury to her torso and left hand.

Mrs. Papesh filed a complaint against "Barbara Matesevac, Individually, Raymond Matesevac, Individually, and Barbara and Raymond

Matesevac, as parents and guardians of the person and property of Jason Matesevac, a minor."

Mrs. Matesevac moved for summary judgment, claiming that she was not the "owner" of the dog for purposes of the Animal Control Act. (Ill. Rev. Stat. 1989, ch. 8, pars. 351 through 378.) The trial court agreed and entered judgment in favor of Mrs. Matesevac. Mrs. Papesh now appeals.

Mr. Matesevac was ultimately dismissed and is not a party to this action.

The relevant statutes are as follows:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." Ill. Rev. Stat. 1989, ch. 8, par. 366.

> " 'Owner' means any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him." Ill. Rev. Stat. 1989, ch. 8, par. 352.16.

The question of ownership is usually one for the trier of fact. (*Steinberg v. Petta* (1986), 114 Ill. 2d 496, 501 N.E.2d 1263.) In *Steinberg*, however, the issue was decided on a directed verdict. Analogously, summary judgment is proper in appropriate cases.

Under the Animal Control Act, "owner" is defined so as to include "harborer" or "keeper." (Ill. Rev. Stat. 1989, ch. 8, par. 352.16.) These terms have been construed to involve some measure of care, custody or control. *Steinberg*, 114 Ill. 2d at 501, 501 N.E.2d at 1265; see generally, Annot., *Who "Harbors" or "Keeps" Dog Under Animal Liability Statute*, 64 A.L.R.4th 963 (1988).

Here, there is no evidence that, at the time in question, Mrs. Matesevac exercised any level of care, custody or control over the dog. Rupert was living with Mr. Matesevac and Jason. The dog's license with the City of Joliet listed Jason as the owner. Mrs. Matesevac had only seen the dog once during the four-month period between the time it was removed from her house and the time it bit the plaintiff. She did not physically care for the dog or pay for its care. When Jason asked Mrs. Papesh to keep Rupert, Mrs. Papesh had never met Mrs. Matesevac. Mrs. Matesevac did give Jason some general instructions on how to care for the dog, *e.g.*, make sure Rupert has his collar on, keep him on a leash, etc. However, these are the kind of direc-

tions any parent would give a child and were really for Jason's benefit to teach him responsibility. They are not evidence of any level of control by Mrs. Matesevac over the dog.

There is insufficient evidence to support a conclusion that Mrs. Matesevac was Rupert's owner in July of 1988. Summary judgment was proper.

Plaintiff next claims that Mrs. Matesevac is the owner of Jason's property by virtue of the parent/child relationship. Thus, even if the dog is technically owned by Jason, Mrs. Matesevac would still be liable as an "owner" under the Animal Control Act.

As noted, the Animal Control Act contemplates some level of care, control, or custody. This is an effort by the legislature to place the burden on parties who might best be in a position to prevent the animal from causing harm. Extending liability to a noncustodial parent would seemingly fly in the face of such a policy, as Mrs. Matesevac was not in a position where she could have controlled the dog or prevented the injury.

Mr. Matesevac had legal and actual custody of Jason. The dog was also kept at Mr. Matesevac's premises. Mrs. Matesevac had only seen the dog once in the four months preceding the incident. Despite the fact that Jason and Rupert both lived with Mrs. Matesevac at one time, it cannot be said that Mrs. Matesevac was the owner of her son's dog at the time of the incident.

For the foregoing reasons, the order of the Will County circuit court granting summary judgment in favor of Barbara Matesevac is affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.