# Illinois Official Reports

## Appellate Court

***Tyrka v. Glenview Ridge Condominium Ass'n*,
2014 IL App (1st) 132762**

| | |
|---|---|
| Appellate Court Caption | MARTA TYRKA, Individually and as Next Friend of Emilia Tyrka, a Minor, Plaintiffs-Appellants, v. GLENVIEW RIDGE CONDO-MINIUM ASSOCIATION, Defendant-Appellee (Melissa Bermejo, as Special Representative of the Estate of Geri M. Allegretti, Defendant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-2762 |
| Filed | June 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiffs' complaint against defendant condominium association alleging that they were attacked by an unleashed dog belonging to a "resident" was properly dismissed on the ground that the complaint failed to properly allege that the association had the requisite knowledge that the dog was likely to attack persons in common areas without provocation. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-M1-301780; the Hon. James E. Snyder, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Scot Libersher, of Dicker & Dicker, of Chicago, for appellants.

Loretta M. Griffin, of Law Offices of Loretta M. Griffin, of Chicago, for appellee.

Panel

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Palmer and Taylor concurred in the judgment and opinion.

## OPINION

¶ 1     Plaintiffs Marta and Emilia Tyrka appeal the trial court's order dismissing the counts in their complaint against defendant Glenview Ridge Condominium Association (condo association) pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)). Although other counts remain against another defendant, the trial court found, pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010), that there was no just reason to delay the appeal of its order dismissing counts VII and VIII against defendant condo association.

¶ 2     This appeal concerns injuries sustained by plaintiffs Marta and Emilia Tyrka as the result of an attack by a dog belonging to a condo owner. The issue on appeal is whether plaintiffs have stated a cause of action against the condo association for their injuries. For the following reasons, we affirm the dismissal.

¶ 3                                     BACKGROUND
¶ 4                          I. The Second Amended Complaint
¶ 5     The subject of the trial court's dismissal order was plaintiff's second amended complaint. Since this appeal comes to us on a section 2-615 dismissal, we assume that all the well-pleaded facts in this complaint are true (*DeHart v. DeHart*, 2013 IL 114137, ¶ 18), and we summarize them below.

¶ 6     Counts VII and VIII were directed against defendant condo association, and these counts allege that defendant condo association was responsible for the management of the condo property located at 4150 West Central Road in Glenview, including the property's common areas.

¶ 7     The complaint alleges that, on August 11, 2011, a dog owned by defendant Allegretti attacked and mauled a dog owned by plaintiff Marta Tyrka. Allegretti's unleashed dog also attacked plaintiffs Marta and Emilia Tyrka. As a result of the attack, which occurred in a common area, plaintiffs suffered "great pain and discomfort, physical and emotional impairment, all of which injuries are permanent."

¶ 8    The complaint does not allege whether Allegretti was a condo owner, but it does allege that she was a "resident" and "harbored" the dog at the condo premises. In addition, the complaint does not allege whether plaintiffs were condo owners, residents, lessees, or invitees but only that they were where they "had a lawful right to be." The complaint does not allege whether the "common area" where the attack occurred was a lobby where the public is invited, or a hallway used by residents and invitees, or an interior courtyard used by residents and invitees for relaxation, or an event room which residents can reserve, or another type of space. Since Allegretti died on August 30, 2012, the complaint names as a party defendant Melissa Bermejo, who is the special representative of Allegretti's estate.

¶ 9    Although the complaint alleges that Allegretti's dog attacked plaintiffs "without provocation," the complaint does not provide details concerning the attack, such as whether the attack on plaintiffs' dog occurred before or after the attack on plaintiffs themselves, whether plaintiffs were trying to break up a fight between the two dogs when they themselves were attacked, or whether plaintiffs were walking their dog unleashed through the common area, as they allege defendant Allegretti was doing.

¶ 10    According to the complaint, defendant Allegretti's dog weighed more than 25 pounds, and defendant condo association had regulations against owning dogs weighing more than 25 pounds at the condo premises, and defendant condo association knew that defendant Allegretti's dog weighed more than 25 pounds. Defendant condo association also knew that the dog was "violent or had a propensity for violence or a mischievous propensity to cause injury or damage," because "prior to August 11, 2011, residents *** had complained to [defendant condo association] about the violent nature of the dog."

¶ 11    In addition, prior to August 11, 2011, defendant condo association knew that the dog "had attacked another resident's dog in the common area." "At least three individuals who lived in the Glenview Ridge Condominiums *** had complained to [defendant condo association] regarding:" (1) a prior attack by the dog; (2) the dog's presence in the building despite the condo association's regulations; and (3) general nuisance complaints about the dog. Defendant condo association knew or should have known that the dog owned by defendant Allegretti "would need to be walked" through the common areas of the condo premises on a daily basis and that the dog was walked without a leash. The complaint does not allege whether the Allegretti dog would need to be walked through the specific common area where the attack occurred.

¶ 12    As a result of these actions, the complaint alleged that defendant condo association had acted negligently by failing to take steps to remove the dog and by failing to warn others of the dangerous nature of the dog and that, as a result of defendant condo association's negligence, plaintiffs were injured.

¶ 13    Counts VII and VIII are identical, except for the fact that count VII seeks relief for injuries suffered by plaintiff Marta Tyrka, while count VIII seeks relief for injuries suffered by minor plaintiff Emilia Tyrka. The complaint does not allege the age of the minor plaintiff.

¶ 14    The prayer for relief for both counts begins: "Wherefore the Plaintiff *** prays for entry of judgment against the Defendant, Geri Allegretti." Like the second amended complaint, the first amended complaint also mistakenly named "Defendant, Geri Allegretti" in the prayer for relief for the two counts against defendant condo association.

## II. Procedural History

We provide here only a short summary of the relevant procedural history leading up to the filing of plaintiffs' second amended complaint.

After plaintiffs filed their original complaint on June 26, 2012, defendant condo association moved to dismiss the counts against it. Defendant's original dismissal motion is not in the appellate record but its reply is in the record. The reply argues, among other things, that the complaint's allegations about defendant's knowledge of the dog's alleged viciousness were "conclusory" and hence insufficient to allow the complaint to go forward at the pleading stage. The trial court granted defendant's dismissal motion on November 28, 2012, but also allowed plaintiff 28 days to replead. The record does not contain a transcript of proceedings, and the trial court's order does not state the reasons for the dismissal.

Plaintiffs filed their first amended complaint on December 27, 2012, and defendant condo association again moved to dismiss on January 22, 2013. Defendant again argued, among other things, that plaintiffs' allegations about defendant's knowledge were "wholly conclusory in nature." On April 15, 2013, the trial court again granted defendant's dismissal motion and again granted plaintiffs leave to replead. The record does not contain a transcript of these proceedings and the trial court's order does not state the reasons for the dismissal.

On May 7, 2013, plaintiffs filed their second amended complaint, and defendant again moved to dismiss. The substance of defendant's final dismissal motion is discussed below.

## III. The Dismissal Motion

On May 20, 2013, defendant condo association moved to dismiss the counts against it pursuant to section 2-615 on the grounds (1) that the counts were technically deficient since the prayer for relief sought relief only from defendant Allegretti, the dog owner; and (2) that the counts were substantively defective since plaintiffs had failed to establish a duty of care owed by defendant condo association to protect against an attack by Allegretti's dog.

First, the motion stated: "Each count is technically deficient in that its prayer for relief seeks relief from Geri Allegretti (whose death was spread of record by Order of October 16, 2012) and not from the condominium association. The corresponding counts of the First Amended Complaint had the same technical deficiency, and plaintiffs failed to cure it in this Second Amended Complaint."

Second, the motion argued that plaintiffs had failed to establish that defendant condo association had a duty to protect entrants from the potential presence of dogs in the common areas.

Third, the motion argued that "plaintiffs' allegations as to this defendant's knowledge that the Allegretti dog had already inured someone are wholly conclusory in nature." The motion argued that, while plaintiffs alleged that the Allegretti dog had attacked another dog, the complaint did not allege the specific date or whether a bite or other injury occurred or whether the dog ever attacked a person.

In plaintiffs' response to defendant's motion, plaintiffs argued that, under common law negligence for dog attacks, regardless of the ownership of the dog, a landowner is liable when the attack occurred on the landlord's premises and the landowner knew of or had reason to know of the dog's viciousness.

## IV. The Trial Court's Dismissal Order

¶ 27      The trial court's order, entered on July 30, 2013, stated with respect to defendant's motion to dismiss:

> "This cause coming on to be heard on the motion of the defendant, Glenview Ridge Condominium Association, to Strike and Dismiss Counts VII and VIII of the Second Amended Complaint, briefs submitted, due notice and oral argument heard and the Court fully advised in the premises[,]
>
> It is hereby ordered that the motion is granted and Counts VII and VIII of the Second Amended Complaint are stricken and the Second Amended Complaint is dismissed as to Glenview Ridge Condominium Association, with a special finding that no just cause exists to delay enforcement of or appeal from said order of dismissal."

¶ 28      Although the above order states that "oral argument [was] heard," the appellate record does not contain a transcript or bystander's report for the proceedings.

¶ 29      A notice of appeal was filed on August 22, 2013, and this appeal followed.

## ANALYSIS

¶ 31      On this appeal, plaintiffs challenge the trial court's dismissal of the counts in plaintiffs' second amended complaint, after defendant condo association moved to dismiss these counts pursuant to section 2-615 (735 ILCS 5/2-615 (West 2012)).

## I. Section 2-615 Motion

¶ 33      A section 2-615 motion attacks the legal sufficiency of the complaint. *DeHart*, 2013 IL 114137, ¶ 18 (citing *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 421 (2004)). When ruling on a section 2-615 motion, a court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may be drawn from those facts. *DeHart*, 2013 IL 114137, ¶ 18 (citing *Doe v. Chicago Board of Education*, 213 Ill. 2d 19, 28 (2004)). A trial court should dismiss a count or cause of action under section 2-615 only if it is readily apparent from the pleadings that there is no possible set of facts which would entitle plaintiffs to the requested relief. *DeHart*, 2013 IL 114137, ¶ 18 (citing *Bajwa*, 208 Ill. 2d at 421). The question for the court is whether the allegations of the complaint, when construed in the light most favorable to the plaintiffs, are sufficient to establish the cause of action. *DeHart*, 2013 IL 114137, ¶ 18 (citing *Bonhomme v. St. James*, 2012 IL 112393, ¶ 34).

¶ 34      However, our supreme court has also emphasized that Illinois is a fact-pleading jurisdiction and that plaintiffs are required to allege sufficient facts to bring a claim within a legally recognized cause of action. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429-30 (2006). Although plaintiffs are not required to set forth evidence in a complaint, they also cannot set forth "simply conclusions." *Marshall*, 222 Ill. 2d at 430. "[M]ere conclusory allegations unsupported by specific facts will not suffice." *Primax Recoveries, Inc. v. Atherton*, 365 Ill. App. 3d 1007, 1010 (2006).

¶ 35      On appeal, our review of a trial court's section 2-615 dismissal order is *de novo*. *DeHart*, 2013 IL 114137, ¶ 18 (citing *Bonhomme v. St. James*, 2012 IL 112393, ¶ 34). *De novo* consideration means that we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

Defendant condo association argues that we may affirm on one of two grounds: (1) that the prayer for relief was technically deficient; and (2) that the complaint was substantively deficient because it failed to establish a duty on the part of defendant condo association to protect plaintiffs from the dog owned by defendant Allegretti.

As noted above, the prayer for relief in the counts against defendant condo association asked for relief solely from defendant Allegretti. This same technical defect existed in the first amended complaint, and plaintiffs failed to correct it in their second amended complaint.

However, defendant condo association has failed to provide any legal authority for this point either in its appellate brief or in its motion to dismiss before the trial court. "This court has repeatedly held that a party waives a point by failing to argue it." *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008). See also *People v. Ward*, 215 Ill. 2d 317, 332 (2005) ("point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited"); *In re Marriage of Bates*, 212 Ill. 2d 489, 517 (2004) ("A reviewing court is entitled to have issues clearly defined with relevant authority cited."); *Roiser v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 568 (2006) (by failing to offer supporting legal authority or any reasoned argument, plaintiffs waived consideration of their theory for asserting personal jurisdiction over defendants); *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 78 (1998) ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation or other support as Supreme Court Rule 341 requires); Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (argument in appellate brief must be supported by citation to legal authority and factual record).

For the foregoing reasons, we do not find persuasive defendant's argument about this technical defect.

III. Duty of Care

Defendant condo association also argued, both in its appellate brief and in its motion to dismiss before the trial court, that plaintiffs failed to establish that defendant owed a duty of care to protect plaintiffs from defendant Allegretti's dog.

Both of plaintiffs' counts against defendant are for common law negligence. Although the parties discuss the Illinois Animal Control Act (the Act) (510 ILCS 5/16 (West 2012)) in their appellate briefs, plaintiffs have not alleged a statutory cause of action against defendant condo association pursuant to the Act. The Act provides that a dog "owner" is liable in civil damages to a person who was attacked by a dog without provocation, if that person was peacefully conducting herself in any place where she had a lawful right to be. 510 ILCS 5/16 (West 2012). The Act defines the word "owner" broadly to include any person "who knowingly permits a dog to remain on any premises occupied by him or her" (510 ILCS 5/2.16 (West 2012)), and it does not require plaintiffs to prove that the defendant knew of a dog's vicious nature. *Severson v. Ring*, 244 Ill. App. 3d 453, 456 (1993). However, in their complaint, plaintiffs bring claims of only common law negligence against defendant condo association. Plaintiffs do not assert either a statutory claim under the Act or a claim of breach of fiduciary duty against defendant condo association. In their brief to this court, plaintiffs state: "Plaintiffs' case was filed pursuant to common law negligence as opposed to the

Illinois Animal Control Act." Thus, neither the Act nor any fiduciary duty owed by the condo association is at issue on this appeal.

¶ 44 To state a cause of action for common law negligence, a complaint must allege facts that establish: (1) the existence of a duty to use reasonable care owed by the defendant to the plaintiffs, (2) a breach of that duty, and (3) an injury proximately caused by that breach. *Marshall*, 222 Ill. 2d at 430; *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 256 (1999).

¶ 45 In the case at bar, defendant condo association did not move to dismiss on either the second or third element, which are (2) the breach of a duty or (3) the injuries proximately caused by that breach. Defendant argued solely that it lacked (1) a duty to use reasonable care.

¶ 46 Whether a duty exists in a particular case is a question of law for the court to decide and so it is therefore an appropriate ground for a section 2-615 motion to dismiss. See *Marshall*, 222 Ill. 2d at 430 (citing *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 340 (2003)). By contrast, whether a defendant breached that duty and whether the breach was the proximate cause of the plaintiffs' injuries are generally factual matters for a jury to decide, so long as there is a genuine issue of material fact regarding those elements. *Marshall*, 222 Ill. 2d at 430 (citing *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 114 (1995)).

¶ 47 Plaintiffs allege that defendant condo association owed them a duty because defendant owned the premises upon which they were injured. To begin with, plaintiffs do not allege the status of their presence on the premises. We do not know whether they were condo owners, residents, lessees, or invitees. Plaintiffs do not allege where the incident occurred, but offer only the conclusion that the attack occurred in "a common area." Plaintiffs allege knowledge by defendant but not which person, on behalf of the condo association, possessed that knowledge, or in what form the residents' complaints were made, or when they were made.

¶ 48 To support their allegation that defendant condo association owed them a duty, plaintiffs rely primarily on the following four cases: (1) *Frost v. Robave, Inc.*, 296 Ill. App. 3d 528, 537-38 (1998); (2) *Goennenwein v. Rasof*, 296 Ill. App. 3d 650, 654 (1998); (3) *Severson v. Ring*, 244 Ill. App. 3d 453, 458 (1993); and (4) *Lucas v. Kriska*, 168 Ill. App. 3d 317, 320 (1988). In the majority of these cases, no liability was found.

¶ 49 In *Frost*, this court held that a business entity was not liable in common law negligence for a dog attack which occurred on the second-floor landing immediately outside of the business's office, although the dog was owned by a co-owner of the business and the dog's owner occasionally took the dog to work. *Frost*, 296 Ill. App. 3d at 530-31. The *Frost* court acknowledged that, under common law negligence, a business entity does not necessarily have to be the dog's owner to be liable for a dog attack, and that "[f]acts giving rise to a duty" occur "where [a] defendant is legally responsible for the premises where the injury occurred." *Frost*, 296 Ill. App. 3d at 537. However, since the attack in *Frost* did not occur on the defendant business's premises and the business did not own or have custody or control of the dog, the defendant business could not be held liable. *Frost*, 296 Ill. App. 3d at 537.

¶ 50 Plaintiffs argue that *Frost* shows that defendant condo association is liable because it is legally responsible for the premises where the attack occurred. However, all *Frost* establishes is that defendant *may* be liable, not that it *is*.

¶ 51 In *Goennenwein*, the appellate court affirmed a trial court's grant of summary judgment in favor of the defendant, although the defendant was the undisputed owner of the home where a dog attack occurred. *Goennenwein*, 296 Ill. App. 3d at 651, 655. In *Goennenwein*, a four-year-old was attacked at a Passover seder by a dog owned by the adult son of the defendant host and premises owner. *Goennenwein*, 296 Ill. App. 3d at 651-52. The court affirmed the dismissal of the common law negligence claim because "plaintiff failed to come forward with evidence to raise an issue of fact as to defendant [premises owner's] knowledge of the dog's alleged dangerousness." *Goennenwein*, 296 Ill. App. 3d at 655.

¶ 52 Discussing the issue of knowledge, the court stated:

> "It is presumed that a dog is tame, docile, and harmless absent evidence that the dog has demonstrated vicious propensities. *Lucas v. Kriska*, 168 Ill. App. 3d 317, 320 (1988). To impose a duty on defendant, plaintiff needed to establish that defendant knew or had reason to know that the dog would be dangerous to children. See *Lucas*, 168 Ill. App. 3d at 320. Because a dog ordinarily is not a danger to children (see *Lucas*, 168 Ill. App. 3d at 320), plaintiff needed to come forward with evidence to show that defendant knew that [this particular dog] was a danger to children." *Goennenwein*, 296 Ill. App. 3d at 654.

Thus, to impose liability on someone other than the dog's owner under principles of common law negligence, plaintiffs must show that a defendant premises owner had prior knowledge of the dog's viciousness. *Lucas*, 168 Ill. App. 3d at 320; see also *Goennenwein*, 296 Ill. App. 3d at 654-55.

¶ 53 The *Goennewein* court then discussed facts which could have provided the defendant host and premises owner with the knowledge that the dog might pose a potential danger to the child. Those facts included whether the dog had "growl[ed], snarl[ed], or threaten[ed] anyone" in the hours immediately prior to the attack and whether the dog had previously attacked anyone when previously on the defendant's premises. *Goennenwein*, 296 Ill. App. 3d at 655.

¶ 54 Similarly, in *Severson*, the appellate court also considered what facts would provide a premises owner with knowledge that a dog might pose a danger, and it also found significant the existence of a prior attack on a person. *Severson*, 244 Ill. App. 3d at 458-59. In *Severson*, the appellate court held that a trial court erred in granting summary judgment on a common law negligence claim, because there was a material issue of fact about whether the defendant premises owner knew of the dog's vicious nature. *Severson*, 244 Ill. App. 3d at 458-59. In *Severson*, the appellate court reversed because the dog had bitten another child just 20 days before it bit this two-year-old plaintiff, and because the dog owner had stated in front of the defendant premises owner that a person should not " 'go near' " his dog when the dog was " 'chained up' " in the defendant's yard. *Severson*, 244 Ill. App. 3d at 458-59.

¶ 55 In *Lucas*, which was also cited by plaintiffs, the appellate court held that the trial court erred in not entering judgment for the defendant premises owner on the plaintiff's common law negligence claim, notwithstanding the jury's verdict for the eight-year-old plaintiff. *Lucas*, 168 Ill. App. 3d at 319, 321. The appellate court held that, although the defendant was undisputedly both the premises owner and the brother of the dog's owner, reversal was required in light of the complete absence of evidence of any prior bites by the dog. *Lucas*, 168 Ill. App. 3d at 319, 321. Thus, in *Goennenwein*, *Severson* and *Lucas*, the appellate court considered the absence or presence of prior attacks on people significant in determining

whether a premises owner had the knowledge required for a common law negligence claim that a dog was potentially dangerous.

¶ 56    Since the case at bar involved a section 2-615 motion to dismiss rather than a summary judgment motion as in both *Goennenwein* and *Severson*, plaintiffs here do not have to come forward with evidence but only with factual allegations. However, they still must allege sufficient facts in order to overcome the presumption discussed above in *Goennenwein* and *Lucas* that dogs are tame, docile and harmless. *Goennenwein*, 296 Ill. App. 3d at 654-55; *Lucas*, 168 Ill. App. 3d at 320 ("Illinois law presumes the tameness and docility of dogs and only imposes liability where there is notice of the dog's vicious propensities.").

¶ 57    Plaintiffs argue in their appellate briefs that paragraphs 14 through 18 of their two negligence counts allege sufficient facts to show the knowledge which was lacking in *Goennenwein* and *Lucas*:

> "14. That on and prior to August 11, 2011, and at all times relevant hereto, [defendant condo association], knew that the dog owned and harbored by [defendant Allegretti] was violent or had a propensity for violence or a mischievous propensity to cause injury and damage.
>
> 15. That prior to August 11, 2011, residents of the Glenview Ridge Condominium premises complained to [defendant condo association] about the violent nature of the dog owned and harbored by [defendant Allegretti].
>
> 16. That prior to August 11, 2011, [defendant condo association] knew that the dog owned and harbored by [defendant Allegretti] had attacked another resident's dog in the common area of the Glenview Ridge Condominiums.
>
> 17. That prior to August 11, 2011, [defendant condo association] knew of said dog attack in the common area of their premises.
>
> 18. That prior to August 11, 2011, at least three individuals who lived in the Glenview Ridge Condominiums located at 4150 W. Central Road, in the City of Glenview, County of Cook, and State of Illinois had complained to [defendant condo association] regarding a prior attack by said dog, the dog's presence in the building despite the violation of the Defendant's rules and regulations, and general nuisance complaints regarding the dog owned and harbored by [defendant Allegretti]."

¶ 58    When these paragraphs are stripped of their legal conclusions and reduced to only their factual allegations, the paragraphs allege that three individuals living at the condo premises complained to defendant condo association about "[1] a prior attack by said dog, [2] the dog's presence in the building despite the violation of the Defendant's rules and regulations, and [3] general nuisance complaints."

¶ 59    Of these three factual allegations, only one relates to the dog's potentially violent nature, namely, the alleged prior attack. The dog's presence in violation of defendant's regulations and general nuisance complaints reveal nothing about a potential propensity for violence. Nuisance complaints could be due to barking, and the violation of defendant's regulations, according to plaintiffs, was because the dog was over 25 pounds. Illinois courts do not presume that any particular breed, size or type of dog is vicious, and every dog must be evaluated individually. *Goennenwein*, 296 Ill. App. 3d at 655.

¶ 60    As for "the prior attack" identified in paragraph 18, paragraph 18 does not allege what the Allegretti dog attacked: whether the target of this prior attack was a person, another

unleashed dog, a cat, a squirrel or a piece of furniture. The complaint does not allege any of the circumstances of this prior attack, such as whether the dog attacked to ward off a perceived danger to its owner. Although the complaint states repeatedly that the attack on plaintiffs was "unprovoked," the complaint does not make the same assertion with respect to this prior attack.

¶ 61 In paragraph 16, the complaint does allege that defendant condo association knew of a prior attack by the Allegretti dog on "another resident's dog in the common area." If the attacks in paragraphs 16 and 18 are one and the same, this allegation is still not sufficient, without more, to show that defendant had knowledge that this dog was likely to attack, without any provocation, people peaceably walking through the common areas of the condo association. Again, there are no allegations concerning the circumstances of this prior attack, such as the date, whether there were any injuries or bites, whether the dog's owner was under any threat or danger, whether the attack was unprovoked, or whether the dogs involved were unleashed.

¶ 62 Nowhere does the complaint allege the facts discussed in prior appellate cases such as whether the dog previously snarled at, growled at, threatened or attacked another person. *Goennenwein*, 296 Ill. App. 3d at 655 (appellate court considered whether the dog had previously attacked, "growl[ed], snarl[ed], or threaten[ed] anyone"); *Severson*, 244 Ill. App. 3d at 458-59 (a recent prior attack, plus a warning by the dog owner delivered in front of the defendant premises owner, created a material issue of fact about the premises owner's knowledge); *Lucas*, 168 Ill. App. 3d at 321 (the trial court erred in not granting judgment notwithstanding the verdict in light of the complete absence of evidence of prior bites by the dog). As a result, plaintiffs' second amended complaint fails to show knowledge by defendant condo association, and we must affirm the trial court's dismissal of the counts against defendant condo association. *Primax*, 365 Ill. App. 3d at 1010 ("mere conclusory allegations unsupported by specific facts will not suffice").

¶ 63 We observe that the second amended complaint is plaintiffs' third attempt at drafting a complaint, and plaintiffs did not seek leave to amend for a third time after defendant argued for a third time both that knowledge was an issue and that plaintiffs' allegations of knowledge were "conclusory." A reviewing court must presume that another attempt at repleading will be fruitless when there is no proposed amended pleading in the record. *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452, 461 (1995).

¶ 64                                        CONCLUSION

¶ 65 For the foregoing reasons, we affirm the trial court's dismissal of counts VII and VIII in plaintiffs' second amended complaint against defendant condo association.

¶ 66 Affirmed.